IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLYNE DESIR,**

    **Plaintiff,**

    v.                                          CASE NO. 8:22-cv-1300-CEH-JSS

**LVNV FUNDING, LLC,
RESURGENT CAPITAL
SERVICES, L.P., UNITED
COLLECTION BUREAU, INC.,
BRYAN FALIERO, and SANJU
SHARMA,**

    **Defendants.**
_____/

**<u>DEFENDANTS LVNV FUNDING, LLC, RESURGENT CAPITAL
SERVICES, L.P., AND UNITED COLLECTION BUREAU, INC.'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO
STRIKE SHOTGUN PLEADING</u>**

Defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P ("RCS"), and United Collection Bureau, Inc. ("UCB"), respectfully request this Honorable Court dismiss Plaintiff's Affidavit of Negative Averment, Opportunity to Cure, Complaint, Statement of Complaint, Demand for Discovery and Jury Trial (the "Complaint") for failure to state a cause of action upon which relief can be granted, or, in the alternative, strike the Complaint as an impermissible shotgun pleading. In support thereof, Defendants state as follows:

**I.**     **<u>INTRODUCTION</u>**

1

On or about May 11, 2022, Plaintiff filed her Complaint against Defendants in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, attempting to assert numerous causes of action which appear to include violations of 15 U.S.C § 1692 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"), and 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").  D.E. 1-1.  Defendants timely removed this matter to the United States District Court for the Middle District of Florida, Tampa Division on June 6, 2022.  D.E. 1.  Because the Complaint is devoid of any factual allegations whatsoever to support any of its twelve purported causes of action, Defendants now ask this Honorable Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, because the Complaint is replete with conclusory, vague, and immaterial facts not connected to any particular cause of action, it does not separate each cause of action or claim for relief into a separate count and asserts multiple claims against multiple defendants without specifying which applies to which, Defendants ask this Honorable Court to strike the Complaint as an impermissible shotgun pleading.

II.  **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for either (1) lack of a cognizable legal theory or (2) insufficient facts under a

cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. (*See Twombly, supra*, 550 U.S. at 558-59). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When deciding on a motion to dismiss, the district court is confined to the four corners of the complaint, must construe the complaint in the light most favorable to the plaintiff, and must accept all properly pled factual allegations as true. *Id.* However, courts need not accept conclusory allegations, unwarranted deductions, or mere legal conclusions advanced by a complainant. *Response Oncology, Inc. v. Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997).

A complaint is considered an impermissible "shotgun pleading" if it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Garcia v. Madison Cty. Ala. Sheriff's Office*, 2021 U.S. app. LEXIS 22649 at *7 - *8 (11th Cir. 2021). Shotgun pleadings "wreak havoc on the

3

judicial system" by "watering down the rights of parties" to have claims litigated efficiently and consuming an inordinate amount of the court's time. *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131. There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all proceeding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which."

*Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 – 23 (11th Cir. 2015)).

### III.  ARGUMENT

> i.  *The Complaint fails to state a cause of action upon which relief may be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).*

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a) and (d). And Rule 10 requires a

4

party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Taken together, these rules "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims, and whether plaintiff has stated any claims upon which relief can be granted…" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

First and foremost, Plaintiff's Complaint is devoid of any factual allegations whatsoever supporting the purported causes of action, much less simple, concise, and direct allegations indicating entitlement to relief in violation of Fed. R. Civ. P. 8.  Additionally, the Complaint is devoid of any numbered paragraphs in blatant violation of Fed. R. Civ. P. 10(b).  As such, there is no feasible manner by which Defendants can discern Plaintiff's claims and frame a responsive pleading.  For these reasons, the Court should dismiss Plaintiff's Complaint for failure the state a cause of action upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Count I of the Complaint appears to allege violations of § 1692e and § 1692f of the FDCPA.  To plausibly allege a violation under the FDCPA, a plaintiff must allege that he/she was the object of collection action arising from a consumer debt, the defendant qualifies as a "debt collector" under the FDCPA, and Defendant engaged in an act or omission prohibited by the FDCPA.  *Lombardo, Davis &*

*Goldman,* 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011). Count I alleges, in conclusory fashion, Defendants are "third party debt collectors attempting to collect a debt on the basis of fraud." But it does not allege any fraudulent act or conduct by Defendants in violation of § 1692e and § 1962f of the FDCPA. In deciding a motion to dismiss, the court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, the court need not accept the allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Because Count I does not plead any factual support whatsoever for the conclusory allegation that Defendants violated § 1692e and § 1692f of the FDCPA by attempting to collect a debt on the basis of fraud, Count I fails to state a cause of action upon which relief can be granted.

In Count II, Plaintiff attempts to allege a multitude of violations, including her "consumer rights to privacy," the Fair Credit Reporting Act, the FDCPA, "multiple state and [f]ederal laws" fraud, aggravated fraud, identity, theft, extortion, theft by deception, mail fraud, and "[i]ntentional act of fraud." Count II should be dismissed because it attempts to plead multiple causes of action within a single count and also fails to allege the essential elements of each cause of action asserted and sufficient factual support for those causes of action.

Count III appears to ask the court for preliminary injunctive relief by asking the Court to immediately enforce her "cease and desist" request under the FDCPA.

> For a district court to grant a preliminary injunction, the movant must establish: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issues, and (4) an injunction would not disserve the public interest.

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002). Count III fails to allege any of the elements necessary to support the issuance of a preliminary injunction. Also, a request for a preliminary injunction, unaccompanied by a motion or other argument also fails to satisfy the Middle District's injunction standards. *See Local Rules 4.05 and 4.06.*

Although not entirely clear, Count IV purports to bring a claim under the Fair Credit Reporting Act. To plausibly allege a Fair Credit Reporting Act Claim, a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the furnisher of the dispute, and (3) the furnisher then failed to properly investigate and/or modify the inaccurate information. *Garey* v. *BWW Law Group, LLC,* 2021 U.S. Dist. LEXIS 190885, *40 (Md. Dist. 2021). Count IV does not allege any of these three essential elements and, thus, fails to state a cause of action upon which relief can be granted.

The remaining Counts of the Complaint, Counts V – XII, do not plead recognized common law or statutory causes of action, simply quote and/or reference a multitude of statutes and/or purported legal authority, and are otherwise mere conclusions of law. Count V claims the Defendants "DO NOT have lawful Proof of Claim and there is no evidence to the contrary," constituting "Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering." Count VI claims "[l]awful money is not longer available for payment in our economic system" and, as such, "[t]he collection of any alleged loan or debt after being PAID IN FULL by my promissory note would be a case of unjust enrichment, and fraud on the consumer and fraud on the court." Count VII is merely a request for damages and/or a prayer for relief. Count VIII is nothing more than a purported statement of fact or conclusion of law that the underlying loan is not enforceable. Count IX and X simply cite to statutes and attempt to quote legal and statutory authority without alleging any wrongful act or omission whatsoever. Count XI is a request that Defendants cease and desist from Slander and Libel. And Count XII is a statement by Plaintiff that she has "been studying and educating myself on consumer law, debt collection, case law, Florida Rules of Procedures and etc." As such, Counts V – XII fail to state any causes of action upon which relief can be granted and must be dismissed.

    ii.    *The Complaint is an impermissible shotgun pleading and must be stricken.*

> A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. Rule 8(a)(2) requires the complaint to provide a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. If doing so would promote clarity, Rule 10(b) also mandates that each claim founded on a separate transaction or occurrence…be stated in a separate count. The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly so that his adversary can discern what he is claiming and frame a responsive pleading.

*Barmapov v. Amuial,* 986 F.3d 1321, 1324 (11th Cir. 2021) (internal quotations and citations omitted). When faced with a shotgun pleading, a district court should strike the complaint and instruct the plaintiff to file a more definite statement. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases). The Eleventh Circuit has recognized four types of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts all allegations of all preceding counts, (2) a complaint that is full of conclusory, vague, and immaterial facts obviously not connected to any particular cause of action, (3) a complaint that does not separate each cause of action or claim for relief into different counts, and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omission, or which of the defendants the claim is brought against. *Tran v. City of Holmes Beach*, 817 Fed.Appx. 911, 913 (11th Cir. 2020). These categories do not have precise or

9

clearly marked boundaries; however, the "unifying characteristic of all types of shotgun pleadings is that they fail in one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d at 1321-23.  Here, the Complaint meets three of the four categories of shotgun pleadings.  First, the Complaint is full of vague, conclusory, immaterial, and meaningless allegations and conclusions of law.  Second, it asserts multiple causes of action and claims for relief within single counts.  Finally, the Complaint asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions.  For these reasons, the Court should strike the Complaint and require Plaintiff to file a more definite statement.

WHEREFORE, Defendants LVNV Funding, LLC, Resurgent Capital Services, L.P, and United Collection Bureau, Inc., respectfully request this Honorable Court dismiss Plaintiff's Affidavit of Negative Averment, Opportunity to Cure, Complaint, Statement of Complaint, Demand for Discovery and Jury Trial for failure to state a cause of action upon which relief can be granted, or, in the alternative, strike the Complaint as an impermissible shotgun pleading.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with Plaintiff who opposes this Motion and the relief sought herein.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: /s/ *John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
JOSEPH E. ENDICOTT, ESQUIRE
FL Bar No. 1031915
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
jendicott@messerstrickler.com
*Counsel for Defendants*

Dated: July 5, 2022

## CERTIFICATE OF SERVICE

I certify that on July 5, 2022, a true copy of the foregoing document was served on Plaintiff via electronic mail to carlynedesir@gmail.com.

**MESSER STRICKLER BURNETTE, LTD.**

By:   /s/ John M. Marees II
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
JOSEPH E. ENDICOTT, ESQUIRE
FL Bar No. 1031915
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
jendicott@messerstrickler.com
*Counsel for Defendants*

Dated: July 5, 2022