UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

    Plaintiff,

v.                                                           Case No: 8:22-cv-1300-CEH-JSS

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES,
L.P., UNITED COLLECTION
BUREAU, INC., BRYAN FALIERO
and SANJU SHARMA,

    Defendants.
_____

**ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss or, In the Alternative, Motion to Strike Shotgun Pleading (Doc. 8) and Plaintiff's Amended Response in Opposition (Doc. 19). For the reasons set forth below, the Court will dismiss the Complaint without prejudice and grant Plaintiff leave to file an Amended Complaint.

**DISCUSSION**

Plaintiff, proceeding *pro se*,[1] filed this action against Defendants alleging numerous causes of actions, including violations of 15 U.S.C. § 1692 *et seq.,* the Fair

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. A *pro se* party should also consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant

Debt Collection Practices Act ("FDCPA"), and 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA"). Doc. 1-1 at 1–6. Defendants timely removed this matter and later filed a motion to dismiss. Doc. 8.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The first type of shotgun pleading is a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

---

handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint in this case falls under three of the four categories of shotgun pleadings. First, the Complaint is replete with vague, conclusory, and immaterial facts not connected to any cause of action. For example, Counts Three, Five, Six, Eight, Nine, Ten and Twelve are not clearly related to any cause of action and contain vague and immaterial facts. Doc. 1-1 at 2–4. These include claims that "Lawful Money no longer is available for payment of debt in our economic system," purported statements of fact, and quotes from various legal authorities that fail to allege any wrongful act or omission. *Id.* Second, the Complaint asserts multiple causes of action and claims for

3

relief within single counts. For instance, Count Two alone alleges violations of Plaintiff's consumer rights to privacy, the FDCPA, multiple state and federal laws, fraud, aggravated identity theft, identity theft, extortion, theft by deception, mail fraud, and intentional acts of fraud. *Id.* at 2. Third, the Complaint asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. This is true of Counts Five, Six, Nine, Ten, and Twelve of the Complaint. *Id.* at 2–4.

Because the Complaint is a shotgun pleading, the Court will dismiss it and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that she avoids shotgun pleading pitfalls and complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss or, In The Alternative, Motion to Strike Shotgun Pleading is **GRANTED** (Doc. 8), in part.[2]

2. The Complaint (Doc. 1-1) is **DISMISSED**, without prejudice, as a shotgun pleading.

---

[2] Because the Complaint is a shotgun pleading, subject to dismissal, the Court has not considered Defendants' argument that the Complaint fails to state a cause of action upon which relief can be granted.

3. Plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order, which cures the deficiencies discussed herein. Failure to file the amended complaint within the time provided will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties