UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

    Plaintiff,

v.                                                       Case No: 8:22-cv-1300-CEH-JSS

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES,
L.P., UNITED COLLECTION
BUREAU, INC., BRYAN FALIERO
and SANJU SHARMA,

    Defendants.
_____/

**ORDER**

    Plaintiff, proceeding *pro se*, filed an Amended Complaint on December 19, 2022. (Dkt. 21.) On January 3, 2023, Defendants moved to extend their deadline to answer or otherwise respond. (Dkt. 22.) In their motion, Defendants certified that they had been unable to confer with Plaintiff regarding her position on the extension as required by Middle District of Florida Local Rule 3.01(g). (*Id.*) The court thereafter granted Defendants' motion and extended the deadline by which Defendants must answer or otherwise respond to the Amended Complaint until February 2, 2023. (Dkt. 23.) Plaintiff has now filed an opposition, objection, and motion to strike Defendants' motion to extend their time to respond to the Amended Complaint (Dkt. 22). (Motion, Dkt. 25.) Plaintiff argues that Defendants' attorney's statements in their motion are non-admissible hearsay, Defendants' motion was made for the purposes of delay and

in bad faith, Plaintiff informed Defendants' counsel of her objection to the requested extension prior to Defendants' motion being filed, and the court's order granting Defendants' motion (Dkt. 23) was improper.  (*Id.*)  Plaintiff also argues that Defendants are in default for their failure to respond to the Amended Complaint within the prescribed time and Plaintiff has submitted an affidavit of damages in support thereof.  (*Id.*; Dkt. 24.)

In light of the court's order granting Defendants' motion to extend their time to answer or otherwise respond to the Amended Complaint (Dkt. 23), Plaintiff's opposition, objection, and motion to strike Defendants' motion for an extension of time (Dkt. 25) is **DENIED**.  Courts enjoy broad discretion in how to best manage the cases before them.  *Chudusama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).  In exercising that discretion, a court may, for good cause, extend the time concerning when an act must be done within a specific time if the request is made before the original time or its extension expires.  Fed. R. Civ. P. 6(b)(1).  The court exercised its discretion in granting Defendants' motion for an extension of time and in accordance with the court's prior order, Defendants shall answer or otherwise respond to the Amended Complaint on or before February 2, 2023.

- 3 -

**ORDERED** in Tampa, Florida, on January 24, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party