UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

    Plaintiff,

v.                                          Case No: 8:22-cv-1300-CEH-JSS

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES,
L.P., UNITED COLLECTION
BUREAU, INC., BRYAN FALIERO
and SANJU SHARMA,

    Defendants.
_____

## ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss or, In the Alternative, Motion to Strike Amended Complaint as a Shotgun Pleading (Doc. 27) and Plaintiff's Response in Opposition (Doc. 28). Upon review and consideration, the Court will grant the Motion in part and dismiss the Amended Complaint as a shotgun pleading. Plaintiff will be allowed one final opportunity to amend her complaint.

## DISCUSSION

Plaintiff, proceeding *pro se*,[1] filed this suit alleging numerous causes of actions, including violations of 15 U.S.C. § 1692 *et seq.,* the Fair Debt Collection Practices Act,

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. A *pro se* party should also consult the "Litigants

and 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act. Doc. 1-1. Defendants timely removed this matter and filed a motion to dismiss. Doc. 8. The Court dismissed Plaintiff's Complaint on the grounds that it was a shotgun pleading and granted Plaintiff leave to file an amended complaint that corrected the deficiencies. *See* Doc. 20. The Court explained in detail the manner in which Plaintiff's Complaint was improperly pleaded and directed her toward resources available for *pro se* litigants. *Id.* at 1, 3–4.

Plaintiff then filed an Amended Complaint. Doc. 21. Defendants argue that it remains an impermissible shotgun pleading and should be stricken. Doc. 27 at 9–11. In addition, Defendants move for dismissal of the action on the grounds that Plaintiff improperly seeks summary judgment in the Amended Complaint, in violation of the Court's prior Orders and the Middle District of Florida Local Rules. *Id.* at 6–9.

Plaintiff responds in opposition. Doc. 28. However, she does not address the arguments regarding the shotgun pleading issues or the request for summary judgment. Instead, Plaintiff claims that all documents filed by defense counsel in this case are "inadmissible," that unspecified prior orders in this case are null and void, and states that she "would like to know is [Defendants' counsel] insane and need [sic] to be committed or evaluated?" Doc. 28 at 1–2.

---

Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.

### A. Improper Request for Summary Judgment

An action may be dismissed *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802 (11th Cir. 2006). While such a dismissal is an extraordinary remedy, a district court generally has the discretion to do so "upon disregard of an order, especially where the litigant has been forewarned." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Defendants correctly point out that the Amended Complaint includes an improper request for summary judgment. On its' first page, Plaintiff states that she respectfully moves for summary judgment "pursuant to Rule 56 Federal Rule of Civil Procedure and Fla. R. Civ. P. 1.510." Doc. 21 at 1. She includes this language even though the Court has already noted that Plaintiff must present a request for Court relief, such as summary judgment, in a motion. Doc. 17. Moreover, the Court has directed Plaintiff to the Local Rules of this district and resources for *pro se* litigants on multiple occasions. Docs. 17, 18, 20. At this juncture, the Court will not dismiss the case based on Plaintiff's non-compliance. However, Plaintiff is warned that she may be subject to sanctions, including dismissal of her case, if she continues to disregard the Court's Orders.

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-*

*Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The first type of shotgun pleading is a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the

district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

And although pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, they must still meet minimal pleading standards. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

The Amended Complaint falls into the second and third categories of shotgun pleadings. With regard to the second type of shotgun pleading, Plaintiff makes vague and immaterial references to the legal standard for Equal Employment Opportunity Commission hearings (Doc. 21 at 2), includes excerpts of various cases (some from courts outside the United States, including the West African Court of Appeal and Courts in the United Kingdom) without explanation, and cites to the Uniform Commercial Code seemingly at random (Doc. 21 at 10–11). Furthermore, Plaintiff includes several pages of vague and immaterial allegations in a section titled "Affidavit of Truth, Bank Fraud, Scam!" including that: "The banking system of the New Deal is fraudulent by nature and cannot be made legitimate by a false affidavit," "The evidence of this quid pro quo equal exchange is in the bookkeeping entries according to Generally Accepted Accounting Principles (GAAP) violation and fraud," "No body

has any obligation to pay in Federal Reserve promissory notes," and that "No 'exchange of valuable consideration' (substance) has occurred in commerce since 1933." *Id.* at 14–15. The Court cites only a few of Plaintiff's conclusory, vague, and immaterial allegations here.

As to the third category of shotgun pleadings, Counts One, Four, Seven, and Eight fail to separate into a different count each cause of action or claim for relief. For example, Count Seven includes claims under two distinct Acts: The Privacy Act, and the Gramm Leach Bliley Act. Doc. 21 at 8.

The Eleventh Circuit recently reiterated that dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects. *Halstead v. Espinoza*, No. 21-13356, 2023 WL 2399288 (11th Cir. March 8, 2023) (unpublished), citing *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice…of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . The District Court should have dismissed the amended complaint with prejudice because, as we have concluded, the amended complaint was incomprehensible"; also noting dismissal would have been warranted under Rule 41(b) for failure to obey a court order).

The Amended Complaint is due to be dismissed as a shotgun pleading for the reasons discussed *supra*. In light of Plaintiff's *pro se* status, the Court will dismiss the Amended Complaint without prejudice and provide Plaintiff a final opportunity to

cure the defects identified above. If Plaintiff wishes to pursue her claims, she must file a Second Amended Complaint within 21 days that cures the defects identified in this Order. In filing an amended complaint, Plaintiff shall ensure that she avoids shotgun pleading pitfalls and complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10. As discussed above, the action may be dismissed **with prejudice**[2] should Plaintiff fail to cure these defects.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss or, In The Alternative, Motion to Strike Shotgun Pleading is **GRANTED-IN-PART** (Doc. 27).

2. The Complaint (Doc. 21) is **DISMISSED**, **without prejudice,** as a shotgun pleading.

3. Defendants' Motion is in all other respects **DENIED**.

4. Plaintiff shall file an amended complaint on or before **SEPTEMBER 28, 2023,** which cures the deficiencies discussed herein. Failure to file a Second Amended Complaint that corrects the deficiencies referenced in this Order, within the time provided, may result in dismissal of this action without prejudice and without further notice.

---

[2] A dismissal "with prejudice" means that the action is permanently dismissed and the claims cannot be re-filed.

**DONE** and **ORDERED** in Tampa, Florida on September 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties