UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

     Plaintiff,

v.                                 Case No: 8:22-cv-1300-CEH-JSS

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES
and UNITED COLLECTION
BUREAU, INC.,

     Defendants.
_____/

## ORDER

    Plaintiff, proceeding pro se, moves to strike all motions and documents filed by Defendants in this case, for an order sanctioning Defendants pursuant to Federal Rule of Civil Procedure 11, and awarding Plaintiff monetary damages.  (Motion, Dkt. 33.) Defendants oppose the Motion.  (Dkt. 34.)  Upon consideration, Plaintiff's Motion is denied.

    The court construes pleadings drafted by pro se litigants liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); however, they must still "conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Construing her motion liberally, Plaintiff argues that all motions filed by Defendants and their counsel are meritless and counsel's assertions are false, thus warranting that all of Defendants' filings be stricken and that Defendants' counsel be sanctioned.  *See,*

*e.g.*, (Dkt. 33 ¶ 51 (referring to Defendants' counsel's "repetitive, burdensome, and unwarranted filing of meritless motions in this matter which is otherwise a meritorious cause of action."); *id.* ¶ 56 (arguing that counsel's assertions have "not been sworn to and [do not] qualify on the hearsay exemption" and are made "for an improper purpose at this stage in time and that contentions are frivolous arguments").)  Plaintiff seeks $1,000,000 for barratry, violations of Federal Rule of Civil Procedure 11, and trespass, and treble damages if she is not paid within 10 days.  (*Id.* ¶¶ 65–66.)

Upon consideration, the court does not find grounds upon which to strike Defendants' filings, nor does the court find grounds to sanction Defendants or their counsel or award Plaintiff damages.  To the extent Plaintiff argues that Defendants' motion to dismiss and motion to strike (Dkt. 8) are frivolous, Plaintiff asserted similar arguments in her opposition to those motions (Dkt. 19).  The court has already ruled on the motions and struck Plaintiff's original complaint as a shotgun pleading.  (Dkt. 29.)  Plaintiff thereafter filed an Amended Complaint.  (Dkt. 30.)  Defendants have now each answered Plaintiff's Amended Complaint, in accordance with Federal Rules of Civil Procedure 8(b) and 10.  *See* (Dkts. 31, 32); *see* Fed. R. Civ. P. 8(b) (setting out requirements for responding to a pleading); Fed. R. Civ. P. 10 (form of pleadings). The court finds no basis to strike Defendants' answers or sanction Defendants pursuant to Federal Rule of Civil Procedure 11.  Plaintiff has not presented a basis upon which the court could find that the defenses asserted by Defendants in their answers are not warranted by existing law or frivolous.  Additionally, Plaintiff has not

shown that Defendants' denials of Plaintiff's factual allegations are not warranted based on the evidence or are not based on a reasonable belief or lack of information. *See* Fed. R. Civ. P. 11(b)(2), (4).  Federal Rule of Civil Procedure 11(c)(2) further requires that a "motion for sanctions must be made separately from any other motion" and "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).  Plaintiff does not appear to have complied with Rule 11's procedural safe harbor provision here.

Accordingly, Plaintiff's Motion to Strike Sham Motions and All Documents Filed by Opposing Party, Barratry, Violations of Rule 11, Cease and Desist Barratry, Seeking Relief and Monetary Damages (Dkt. 33) is **DENIED**.[1]

**ORDERED** in Tampa, Florida, on December 5, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff intends to continue to represent herself in this matter, she should familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules.  To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.  Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.  Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: https://www.fedbar.org/prosehandbook.

Copies furnished to:
Counsel of Record
Unrepresented Party